IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| MARY EVELYN GORDON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:15-CV-93 (WLS) |
| | : | |
| CRISP COUNTY, GEORGIA and | : | |
| CRISP COUNTY BOARD OF TAX | : | |
| ASSESSORS, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

### ORDER

Before the Court is Defendants Crisp County and Crisp County Board of Tax Assessors' December 4, 2015 Motion to Dismiss Plaintiff Mary Evelyn Gordon's Complaint. (Doc. 5.) Plaintiff Gordon filed no response, and the time to do so has expired.[1] M.D. Ga. L. R. 7.2. The Court finds that the Motion to Dismiss is now ripe for review.

### PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Mary Evelyn Gordon filed her complaint against Defendants Crisp County and Crisp County Board of Tax Assessors ("the Board of Tax Assessors") on June 9, 2015. (Doc. 1.) That complaint is substantially similar to a complaint in a previous action filed by Gordon against Defendants Crisp County Board of Commissioners and Crisp County Board of Tax Assessors. Complaint, Case. No. 1:14-cv-175-WLS (M.D. Ga. Nov. 21, 2014), ECF

---

[1] The Court notes that this case involves largely the same allegations as a previously filed case, 1:14-cv-175, in which Plaintiff Gordon also failed to respond to Defendants' Motion to Dismiss, which was ultimately granted. Plaintiff's counsel, Kim Mark Minix, has been counsel of record in at least six cases in this Court, including this case, in which his clients have failed to respond timely or at all to dispositive motions. *Lovering v. Miller Cnty. Bd. of Comm'rs et al.*, 1:10-cv-173-WLS; *Williams v. Owens et al.*, 1:11-cv-142-WLS; *Walton v. The Kroger Co.*, 1:14-cv-64-LJA; *Hightower v. Albany Advocacy Resource Ctr.*, 1:14-cv-88-WLS; *Gordon v. Crisp Cnty. et al.*, 1:14-cv-175. The Court is concerned by the fact that Mr. Minix appears to be the common denominator. While the Court understands that circumstances sometimes arise beyond the control of a party or counsel that inhibit the ability to file a timely response to motions, in such circumstances timely requests for extensions may be sought from the Clerk of Court consistent with Local Rule 6.2 and subsequently from the Court via timely motion. Inaction is seldom, if ever, appropriate. Should additional incidents of failure to prosecute occur in Mr. Minix's cases before this Court, the Court, in its inherent power and consistent with its responsibility, will be prompted to consider whether sanctions are appropriate. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980).

No. 1. This Court granted a motion to dismiss in that case, dismissing the complaint on the bases that the Board of Commissioners is not an entity capable of being sued under state law and Gordon failed to exhaust her Title VII and ADEA claims. Order Granting Defendants' Motion to Dismiss, Case. No. 1:14-cv-175-WLS (M.D. Ga. April 24, 2015), ECF No. 6. The Court also declined to exercise supplemental jurisdiction over Gordon's Georgia whistleblower claim. *Id.*

For purposes of reviewing a motion to dismiss, the Court must accept all well-pleaded allegations in the complaint as true. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012) (citing *Cinotto v. Delta Air Lines Inc.*, 674 F.3d 1285, 1291 (11th Cir. 2012)). In the above-styled case, Plaintiff Mary Evelyn Gordon alleges that she is a white female and, at the time she was terminated from her employment, was 75 years of age. (Doc. 1 at ¶¶ 2, 17.) She began her employment with the Defendants on April 16, 2008, to provide ad valorem tax and general information to taxpayers. (*Id.* at ¶ 18.) In late 2008, two Field Appraisers were terminated or resigned. (*Id.* at ¶¶ 19-20.) Around that time, Gordon applied for an open Field Appraiser position. (*Id.* at ¶ 25.) From 1991 to 1995, Gordon was the Chief Appraiser for Wilcox County. (*Id.* at ¶ 26.) As such, she was qualified for the referenced position. (*Id.* at ¶ 27.)

Chief Appraiser Tim Quick told Gordon that she was too old for the Field Appraiser position and that she would not be considered for the position because she is a woman. (*Id.* at ¶ 28.) Thereafter, the Defendants hired a male for the position. (*Id.* at ¶ 29.) In 2012, the Defendants' Field Appraiser resigned and that position was once again available. (*Id.* at ¶ 31.) In mid-2013, Gordon expressed an interest in the Field Appraiser Position. (*Id.* at ¶ 32.) Again, Quick told Gordon that she was too old for the position. (*Id.* at ¶ 33.)

Also in late 2008, Quick appointed Gordon as Personal Property Appraiser and informed her that she would also be trained to perform audits. (*Id.* at ¶ 21.) Quick directed Gordon to select businesses for auditing using a particular method. (*Id.* at ¶ 23-24.) By directing Gordon to select businesses in that manner, Gordon believed that the Defendants were wasting a considerable portion of public funds. (*Id.* at ¶ 24.) Gordon brought the alleged public waste to the attention of Quick, Board Members of the Crisp County Board of Tax Assessors, and Crisp County's Finance Director and County Manager. (*Id.* at ¶¶ 34 & 35.)

Shortly after that time, the Board of Tax Assessors held a meeting on August 5, 2013. (*Id.* at ¶ 37.) After that meeting, Quick called Gordon and told her that she could either resign or she would be terminated. (*Id.* at ¶ 38.) Gordon was provided with five minutes to make a choice so, under duress, she signed the resignation letter. (*Id.* at ¶¶ 40-41.) On August 6, 2013, Gordon sent a certified letter to Quick withdrawing her resignation. (*Id.* at ¶ 42.) The Defendants denied Gordon's request to withdraw her resignation and her request to appeal the Defendants' decision on that request. (*Id.* at ¶¶ 44-45.) After Gordon was terminated, she filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* at ¶ 45.)

## DISCUSSION

### I. Motion to Dismiss Standard

Defendants move to dismiss Gordon's claims against them based on Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) permits a party to assert by motion the defense of failure to state a claim upon which relief can be granted. A motion to dismiss a plaintiff's complaint under Rule 12(b)(6) should not be granted unless the plaintiff fails to plead enough facts to state a claim to relief that is plausible, and not merely conceivable, on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008)). "Stated differently, the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Edwards*, 602 F.3d at 1291 (quoting *Fin. Secs. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007)).

While the Court must conduct its analysis "accepting the allegations in the complaint as true and construing them in the light most favorable to the [p]laintiff," *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003), in evaluating the sufficiency of a plaintiff's pleadings the Court must "make reasonable inferences in [p]laintiff's favor, 'but [is] not required to draw [p]laintiff's inference.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (quoting *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005)), (abrogated on other grounds by *Mohamad v. Palestinian Auth.*, 132 S. Ct. 1702 (2012)). The Supreme Court instructs that in considering a motion to dismiss "a court must accept as true

all of the allegations contained in a complaint"; this principle, however, "is inapplicable to legal conclusions," which "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombly*, 550 U.S. at 555, for the proposition that courts "are not bound to accept as true a legal conclusion couched as a factual allegation" in a complaint).

Finally, Defendants have attached to their Motion to Dismiss Gordon's EEOC Charge of Discrimination (Doc. 5-2) and Right to Sue Letter (Doc. 5-3), her complaint in case number 1:14-cv-175 (Doc. 5-4), and the Court's order dismissing that complaint (Doc. 5-5). The Court may consider a document attached to a motion to dismiss without converting the motion to a motion for summary judgment if the document is (1) central to the plaintiff's claims and (2) undisputed. *Horsley v. Feldt*, 204 F.3d 1125, 1134 (11th Cir. 2002)). Therefore, in this case, because Gordon does not dispute the authenticity of the EEOC documents and because they are central to her claims because they relate to exhaustion, the Court may consider them in addressing the Defendants' Motion to Dismiss. *See Bryant v. Rich*, 530 F.3d 1368, 1373-74 (11th Cir. 2008) (citing *Wyatt v. Terhune*, 315 F.3d 1008, 1119-20 (9th Cir. 2003)). Likewise, the Court may consider Gordon's previous complaint and the Court's order dismissing that complaint because those documents are in the public record and their authenticity is not contested. *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010); *see also Universal Express, Inc. v. Sec. and Exchange Comm'n*, 177 F. App'x. 52, 53 (11th Cir. 2006) ("A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment . . . Public records are among the permissible facts that a district court may consider.").

## II.    Analysis

On June 9, 2015, Gordon filed the instant suit alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623; gender discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 3000e-2; and a state law claim for a violation of the Georgia Whistleblower Act, Ga. Code Ann. § 45-1-4.

On December 4, 2015, the Defendants filed a Motion to Dismiss. (Doc. 5.) Therein, Defendant Crisp County Board of Tax Assessors ("the Board of Tax Assessors") asserts that Gordon's Title VII and ADEA claims are barred by *res judicata* because this Court's previous dismissal of those claims constitutes a judgment on the merits. (*See* Doc. 5.) Defendant Crisp

County asserts that Gordon's claims against it are subject to dismissal because Crisp County was not Gordon's employer. Finally, Defendants argue that Gordon's claims are barred by the statute of limitations. (Doc. 5-1 at 10.)

### A. *Res Judicata*

In its order in Gordon's previous case, the Court dismissed Gordon's Title VII and ADEA claims against the Board of Tax Assessors for failure to exhaust the available administrative remedies. Order Granting Defendants' Motion to Dismiss, Case. No. 1:14-cv-175-WLS (M.D. Ga. April 24, 2015), ECF No. 6 at 4. The Court explicitly dismissed Gordon's entire complaint "without prejudice." (Doc. 5-5 at 6 ("Plaintiff Mary Evelyn Gordon's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.").) The Court therefore finds that the Board of Tax Assessors contention that "it is apparent that [Gordon's ADEA and Title VII] claims were dismissed 'with prejudice'" is incorrect. (Doc. 5-1 at 6.) The Court therefore declines to find that Gordon's Title VII and ADEA claims against the Board of Tax Assessors are barred by *res judicata* because the Court's prior order was not a final judgment on the merits. *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.)

### B. Statute of Limitations

The Defendants allege that Gordon's Title VII and ADEA claims are barred by the applicable statutes of limitations. Under both Title VII and the ADEA, plaintiffs have ninety days to file suit in federal court after receipt of a right to sue letter from the EEOC. 42 U.S.C. § 2000e-16(c); *Edwards v. Shalala*, 64 F.3d 601, 606 (11th Cir. 1995) (holding that Title VII's statute of limitations applies to ADEA claims). The EEOC mailed its Right to Sue Letter to Gordon on August 26, 2014. (Doc. 5-3.) Gordon filed the instant complaint on June 9, 2015, 287 days after the EEOC issued its Right to Sue Letter. Gordon has not presented any ground for equitable tolling of the limitations period. The Court therefore finds that Gordon filed her complaint well after the ninety day statute of limitations elapsed.

Accordingly, the Court finds that Gordon's Title VII and ADEA claims against the Board of Tax Assessors and Crisp County are barred by Title VII and the ADEA's ninety

day statute of limitations. For that reason, the Court need not consider whether Gordon administratively exhausted her claims or whether Gordon can assert Title VII and ADEA claims against Crisp County as her employer. The Defendants' Motion to Dismiss (Doc. 5) as to the Title VII and ADEA claims is **GRANTED**, and Gordon's Title VII and ADEA claims against Defendants Crisp County and Board of Tax Assessors are **DISMISSED WITH PREJUDICE.**

### C. Remaining State Law Claim

Because the Court has dismissed all claims over which the Court has original jurisdiction, the Court declines to continue to exercise jurisdiction over Gordon's state law claim. *See* 28 U.S.C. § 1367. The Court has not found any reason to continue to exercise jurisdiction over that claim, and finds that prejudice will not result. *See id.* § 1367(d) (state law claims tolled for thirty days following dismissal). Accordingly, Gordon's state law claim is **DISMISSED WITHOUT PREJUDICE.**

### CONCLUSION

For the reasons stated above, the Defendants' Motion to Dismiss (Doc. 5) is **GRANTED** and Plaintiff Mary Evelyn Gordon's Complaint (Doc. 1) is **DISMISSED** in its entirety**.** Gordon's state law claim is **DISMISSED WITHOUT PREJUDICE** and her Title VII and ADEA claims are **DISMISSED WITH PREJUDICE**.

**SO ORDERED**, 11th day of February, 2016.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**